UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY D. AMAKER,

                              Plaintiff,                  9:03-CV-1003
                                                                       (NAM)(DRH)

    v.

GLENN S. GOORD, Commissioner, NYS DOCS; LUCIEN J.
LECLAIRE, Dep. Commissioner; R. GIRDICH, Supt.; GEORGE
DUNCAN, Supt.; LESTER N. WRIGHT, MD; G. KEINERT, Dep.
Supt.; J. MARTIN; N. BEZIO; CO SPINNER; CO B. LADUKE;
W. TROMBLEY; CO P. DABIEW; CO McCASLAND, *et al.*,

                              Defendants.

APPEARANCES:

ANTHONY D. AMAKER
Plaintiff, *pro se*
89-T-2815
Attica Correctional Facility
Box 149
Attica, New York 14011

NORMAN A. MORDUE, U.S. DISTRICT JUDGE

## ORDER

Presently before the Court is a motion from *pro se* plaintiff Anthony D. Amaker for preliminary injunctive relief. Dkt. No. 96.[1] Plaintiff is presently incarcerated at Attica Correctional Facility.

In his complaint, plaintiff alleges that he was improperly subjected to a DNA sampling procedure in September, 2002, while incarcerated at Great Meadow Correctional Facility. Dkt. No.

---

[1] This is plaintiff's third motion for injunctive relief in this action. By his first motion, plaintiff complained that officials at Great Meadow Correctional Facility improperly interfered with his mail. Dkt. No. 5. Plaintiff's second motion alleged that he was being falsely disciplined and retaliated against by officials at Great Meadow. Dkt. No. 77. Both motions were denied. Dkt. Nos. 8, 91.

1 at 5-7.  Plaintiff also claims that his civil and constitutional rights were violated in the course of disciplinary proceedings arising out of the sampling procedure.  *Id*. at 7-9.  In addition, plaintiff claims that defendants discriminated against him with regard to the conditions of his confinement. *Id*. at 10-16.[2]  For a complete statement of plaintiff's claims, reference is made to the complaint.

By his motion, plaintiff claims that he has been denied proper medical care during his confinement at  at Southport Correctional Facility, where he was transferred in November, 2004.  Dkt. No. 96.  Plaintiff claims that his eyeglasses, which were allegedly broken during his transfer to Southport from Great Meadow Correctional Facility, were not replaced, and that he was not given the proper contact lens solution, with the result that his lenses were ruined.  *Id*. at 1-5.[3]  Plaintiff also claims that medical staff at Southport improperly conditioned his right to receive medical care upon his signing a "contract" which, according to plaintiff, includes a consent to a strip frisk/search.  *Id*. at Supp. Aff. pp. 7-8.[4]  Plaintiff seeks an order of this Court prohibiting defendants from denying him "adequate medical and eye care treatment."  *Id*. at 4.

Defendants have filed papers in opposition to the motion.  Dkt. No. 98.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  The movant must show: (a) irreparable harm and (b) either (1) a

---

[2] Plaintiff's complaint names forty-one individual defendants.  As of the date hereof, thirty-five of these individuals have been served with process.

[3] While plaintiff has submitted copies of medical records which support his claim that he needs contact lenses, these records were created during the years 2001-03 while plaintiff was incarcerated at Great Meadow and do not demonstrate that plaintiff was denied appropriate eye care supplies at Southport.

[4] The "Contract for Specialty Care Appointment" attached as an exhibit to plaintiff's motion makes no reference to searches or other security measures relating to outside medical appointments.  Dkt. No. 96 ex. 5.

likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. See *Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992) (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

At the outset, the Court notes that plaintiff was transferred from Southport to Attica Correctional Facility in October, 2005. Dkt. No. 106. It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility. *Prins v. Coughlin,* 76 F.3d 504, 506 (2d Cir. 1996) (citations omitted) (finding request for injunctive relief moot where inmate transferred from subject facilities). Accordingly, because plaintiff's motion for injunctive relief arises out of the conditions of his confinement at Southport Correctional Facility, the motion must be denied.

It is also well-settled that except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action, or where the relief requested is unrelated to and not in furtherance of the merits of the underlying claims in the complaint. *See* Fed. R. Civ. P. 65 (d); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Foxworth v. United States Park Police*, 1989 U.S.Dist. LEXIS 9648 (D. D.C. Aug. 14, 1989) (denying motion for restraining order where allegations contained in such application were unrelated to claims asserted in complaint).

In this case, the individuals identified by plaintiff in his motion as the persons responsible for the conduct complained of are employees at Southport Correctional Facility, and are

not defendants in this action.  Moreover, plaintiff has also failed to establish that the matters giving rise to his motion are related to the merits of his underlying claims which, as noted above, arose out of his confinement at Great Meadow Correctional Facility.  Accordingly, plaintiff's motion for injunctive relief must be denied for this reason as well.

Since plaintiff failed to establish the requisite elements for injunctive relief, his motion must be denied.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for injunctive relief (Dkt. No. 96) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated: November 8, 2005

Norman A. Mordue
U.S. District Judge