**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANTHONY D. AMAKER,**

                 **Plaintiff,**                  9:03-CV-1003
                                                                                 (NAM)(DRH)

      **v.**

**GLENN S. GOORD, Commissioner, NYS DOCS;**
**LUCIEN J. LECLAIRE, Dep. Commissioner;**
**R. GIRDICH, Supt.; GEORGE DUNCAN, Supt.;**
**LESTER N. WRIGHT, MD; G. KEINERT, Dep.**
**Supt.; J. MARTIN; N. BEZIO; CO SPINNER;**
**CO B. LADUKE; W. TROMBLEY;**
**CO P. DABIEW; CO McCASLAND,** *et al.***,**

                 **Defendants.**
_____

APPEARANCES:                               OF COUNSEL:

ANTHONY D. AMAKER
Plaintiff, *pro se*
89-T-2815
Attica Correctional Facility
Box 149
Attica, New York 14011

OFFICE OF THE ATTORNEY GENERAL       RISA L. VIGLUCCI, ESQ.
State of New York                            Assistant Attorney General
Attorneys for the Defendants
The Capitol
Albany, New York 12224

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION and ORDER

      Presently before the Court are several motions filed by *pro se* plaintiff Anthony D. Amaker.

Plaintiff is presently incarcerated at Attica Correctional Facility.

      In his complaint in this action, plaintiff alleges that he was improperly subjected to a DNA

sampling procedure in September, 2002, while incarcerated at Great Meadow Correctional Facility.

Dkt. No. 1 at 5-7. Plaintiff also claims that his civil and constitutional rights were violated in the course of disciplinary proceedings arising out of the sampling procedure. *Id*. at 7-9.[1] For a complete statement of plaintiff's claims, reference is made to the complaint.

### A. Motion for Protective Order

Plaintiff filed a request for relief, styled as a "Motion for Protective Order," by which he seeks an order of this Court restraining defendants from interfering with the conduct of discovery in this action. Dkt. No. 115 at 1. Plaintiff also seeks leave to depose ten of the thirty-five individual defendants. *Id*. at 1, 3-6.

Defendants have filed papers in opposition. Dkt. No. 117.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a party from whom discovery is sought may seek a protective order for the purpose of shielding certain persons or information from discovery. Fed.R.Civ.P. 26(c). The party seeking a protective order must demonstrate that the requested discovery should be barred or limited in order to protect the movant from "annoyance, embarrassment, oppression or undue burden or expense." *Id*.

By his motion, plaintiff does not identify any discovery demands served by defendants which are in any way objectionable. Rather, plaintiff merely asserts that defendants have interfered with plaintiff's ability to pursue his claims in this action and seeks an order restraining defendants from "annoyance, oppression and undue burden or expense to complete discovery." Dkt. No. 115 at 1. As defendants note, this vague allegation of wrongdoing, which is wholly unsupported by any evidence or even explanation, is not sufficient to warrant the granting of judicial relief. This aspect of plaintiff's motion is denied.

---

[1] Plaintiff's complaint names forty-one individual defendants. As of the date hereof, thirty-five of these individuals have been served with process.

Plaintiff also seeks leave to conduct audiotape depositions of ten defendants. The costs of discovery remain the obligation of each party, notwithstanding the granting of an application to proceed *in forma pauperis*. See Dkt. No. 5; see also Rule 5.4(a) of the Local Rules of Practice of the Northern District. Several methods of discovery, including interrogatories, requests for production of documents, and depositions are available to parties. Each method of discovery entails certain costs and imposes various burdens on the parties. While the Federal Rules of Civil Procedure authorize the use of audiotape to record a deposition, the deposition must nevertheless be taken before "an officer authorized to administer oaths...." Fed.R.Civ.P. 28(a). The costs associated with the retention of a person qualified to preside over the deposition proceedings and the costs of the audiotapes are not insignificant.

Plaintiff's motion does not identify the ten individuals whose depositions he seeks. Moreover, while plaintiff claims that he "can pay for the depositions," the motion is not supported by a certified copy of plaintiff's inmate account statement or other financial records demonstrating his ability to pay the costs associated with conducting and recording the requested depositions. Accordingly, this aspect of plaintiff's motion is denied.

### B. Motions for Declaratory Relief and Preliminary Injunction

Plaintiff has filed two motions by which he seeks injunctive relief. Dkt. Nos. 122, 123.[2] Both motions set forth claims arising out of plaintiff's confinement at Attica Correctional Facility relating, *inter alia*, to his medical care and to the exercise of his religion. *Id.*

---

[2] Plaintiff has filed three previous motions for injunctive relief in this action. By his first motion, plaintiff complained that officials at Great Meadow Correctional Facility improperly interfered with his mail. Dkt. No. 5. Plaintiff's second motion alleged that he was being falsely disciplined and retaliated against by officials at Great Meadow. Dkt. No. 77. The third motion arose out of the alleged denial of proper medical care at Southport Correctional Facility. Dkt. No. 96. Plaintiff's prior motions were denied. Dkt. Nos. 8, 91, 107.

Defendants have filed papers in opposition to the motion. Dkt. No. 127.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. The movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. See *Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992) (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

It is well-settled that except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action, or where the relief requested is unrelated to and not in furtherance of the merits of the underlying claims in the complaint. *See* Fed. R. Civ. P. 65 (d); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Foxworth v. United States Park Police*, 1989 U.S.Dist. LEXIS 9648 (D. D.C. Aug. 14, 1989) (denying motion for restraining order where allegations contained in such application were unrelated to claims asserted in complaint).

In this case, the individuals identified by plaintiff in his motion as the persons responsible for the conduct complained of are employees at Attica Correctional Facility, and are not defendants in this action. Moreover, plaintiff has failed to establish that the matters giving rise to his motion are related to the merits of his underlying claims which, as noted above, arose out of the DNA sampling conducted at Great Meadow Correctional Facility in 2002.

4

Accordingly, plaintiff's motions for declaratory and injunctive relief are denied.[3]

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for a protective order (Dkt. No. 115) is denied, and it is further

ORDERED, that plaintiff's motion for declaratory relief (Dkt. No. 122) is denied, and it is further

ORDERED, that plaintiff's motion for a preliminary injunction (Dkt. No. 123) is denied, and it is further

ORDERED, that the dispositive motion filing deadline is reset for **September 29, 2006**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated:   August 9, 2006
         Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

---

[3] Plaintiff may pursue those claims in a properly filed action.  Because Attica Correctional Facility is located in Wyoming County, in the Western District of New York, venue of any such action would be proper in the Western District.