UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**ANTHONY D. AMAKER,**

        **Plaintiff,**

    -v-              9:03-CV-1003

**GLENN S. GOORD, Commissioner of N.Y.S. D.O.C.S.;
LUCIEN J. LECLAIRE, Deputy Commissioner;
R. GIRDICH, Superintendent; GEORGE DUNCAN,
Superintendent; M.D. LESTER WRIGHT; G. Keinert,
Deputy Superintendent; J. MARTIN; N. BEZIO;
SPINNER, Corrections Officer; B. LADUKE,
Corrections Officer; W. TROMBLY; P. DABIEW,
Corrections Officer; C.O. McCASLAND; CHAMPAGNE,
Corrections Officer; T. NEPHEW, Corrections Officer;
SGT. KOUROFSKY; D. BARNEY, Corrections Officer;
D. RONDEAU, Corrections Officer; JOHN DONELLI,
Deputy Superintendent; M. JONES, Corrections Officer;
A. HULSE, Corrections Officer; A. BIRO, Corrections Officer;
J. FLAHARTY, Corrections Officer; R. EURICH;
CAPT. LUCAS; E. ARTUZ; NURSE LOPEZ; S. KINNEY;
L. MYERS; J. CLEGG; D. WOLFE; E. DELGADO; D.
BOTSFORD; J. KELLEY; P. GUZMAN; D. LACLAIRE,
Deputy Superintendent; NURSE MILLER; G. WATERFONT;
D. BUFFERMAN; S. BERNARDI, Deputy Commissioner; and
NURSE ADMIN. TOUSIGNANT,**

              **Defendants.**

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

ANTHONY D. AMAKER
Plaintiff, *pro se*

HON. ANDREW M. CUOMO, Attorney General of the State of New York
RISA L. VIGLUCCI, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

       **MEMORANDUM-DECISION AND ORDER**

**BACKGROUND**

Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought this action under 42 U.S.C. § 1983, alleging that defendants, forty-one DOCS employees, violated his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. Defendants[1] move (Dkt. No. 152) for summary judgment, and plaintiff cross-moves (Dkt. No. 157) for summary judgment.

The motions were referred to United States Magistrate Judge David R. Homer for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c). In his Report and Recommendation (Dkt. No. 160), Magistrate Judge Homer recommends that (1) defendants' motion be granted in part and denied in part, and (2) plaintiff's cross motion be denied.

Defendants object (Dkt. No. 164)[2] to so much of the Report and Recommendation as recommends that their motion be denied in part. Plaintiff objects (Dkt. No. 166), contending that he is entitled to summary judgment.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Where only general objections are filed, the Court reviews for clear error. *See Brown v. Peters*, 1997 WL 599355,*2-*3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984

---

[1] It appears that 35 of the 41 named defendants have been served, and that all 35 are represented by the New York State Attorney General. Those named defendants who have not been served are: Spinner, Nephew, Rondeau, Wolfe, Delgado, and Kelley. If this is not correct, the Court requests immediate clarification from the Attorney General's office.

[2] Upon electronic filing, defendants' objection (Dkt. No. 164) was incorrectly designated as a memorandum of law.

F.2d 85, 89 (2d Cir. 1993).

The Court adopts Magistrate Judge Homer's recitation of the facts and discussion of the law. Upon *de novo* review, the Court adopts the Report and Recommendation insofar as it recommends denial of summary judgment to plaintiff. With respect to defendants' motion for summary judgment, the Court adopts in full so much of Magistrate Judge Homer's Report and Recommendation as recommends granting summary judgment dismissing all Fourth Amendment claims and all Eighth Amendment claims based on inadequate medical care. The Court further adopts so much of the Report and Recommendation as recommends denial of summary judgment dismissing the Fourteenth Amendment due process claim. As is discussed below, some or all claims are dismissed against certain defendants.

Defendants object to Magistrate Judge Homer's Report and Recommendation insofar as it recommends denial of summary judgment with respect to plaintiff's Eighth Amendment claims of excessive force. Plaintiff claims excessive force was used against him on September 5, 2002, in two separate incidents stemming from his refusal to submit a DNA sample: first, the forced extraction from his cell at Upstate Correctional Facility ("Upstate"); and second, the subsequent blood draw at Downstate Correctional Facility ("Downstate"). More specifically, he claims that during the extraction from his cell one of the officers struck him several times with the ram, breaking his ribs, and that during the blood draw, the officers "tried to break" his fingers and bent his wrist so that his face was "twisted up in pain."

To make out an Eighth Amendment claim based on the use of excessive force against him, an inmate must meet an objective requirement by showing that the deprivation was "sufficiently serious" in light of "contemporary standards of decency"; he must also meet a subjective

3

requirement by showing that defendants acted with a "wanton state of mind." *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999). With respect to defendants' state of mind, the issue is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (citation and quotation marks omitted). Even where there is no significant injury, the malicious use of force for the purpose of causing harm constitutes an Eighth Amendment violation *per se*, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *See Griffin*, 193 F.3d at 91 (citations and internal quotations omitted).

On the record before the Court, defendants have not established by competent evidence that plaintiff was not subjected to excessive force during the cell-extraction incident at Upstate. In support of their allegations regarding the events of September 5, 2002, defendants rely on the incident reports attached to the declaration of Selsky. However, Selsky lacks firsthand knowledge of most or all of the matters asserted in those reports. The reports themselves are not competent evidence; they are not admissible under the business records exception of section 803(6) of the Federal Rules of Evidence, because they lack the requisite degree of reliability. *See Bracey v. Herringa*, 466 F.2d 702, 705 (2d Cir. 1972); *accord Giles v. Rhodes*, 2000 WL 1425046, *8 (S.D.N.Y. Sept. 27, 2000). In support of the motion, defendants also rely on a videotape of the cell extraction. The Court has viewed this videotape, which strongly supports defendants' version of events. However, it cannot be said upon reviewing this tape that it is absolutely impossible that at some point during the cell extraction an officer struck plaintiff several times with the ram, as he claims. Nor can it be said that if this occurred, no rational jury could find that it constituted the

4

malicious use of force to cause harm. It is true that plaintiff's medical records show no broken ribs and no other significant injury; nevertheless, this is insufficient on this record to rule out the possibility that plaintiff was subjected to the malicious use of force by being struck without justification. On this record, the videotape and medical records are insufficient to warrant summary judgment dismissing plaintiff's excessive force claims based on the cell extraction incident of September 5, 2002.

As for the blood draw at Downstate, it is undisputed that plaintiff refused to cooperate, that corrections officers restrained him, that he clenched his fist, and that an officer pried his fist open to enable the nurse to take a DNA sample. Plaintiff claims that the officers "tried to break" his fingers and that his wrist was bent so that his face was "twisted up in pain." Plaintiff does not, however, state any facts which would support a finding that the officers applied more force than was necessary to restrain him and pry open his fist, actions which they were legally justified in performing. Plaintiff's allegations that he felt pain during this process or felt as if his fingers would break do not establish that the force used was malicious or otherwise excessive. He claims no injury, nor do the medical records show any injury resulting from this process. Viewing the evidence in the light most favorable to plaintiff, and drawing all inferences in his favor, the Court finds that defendants are entitled to summary judgment dismissing all excessive force claims stemming from the blood draw at Downstate.

Defendants further seek dismissal of some or all claims against particular defendants on various grounds. The Court has reviewed the record in detail and, upon *de novo* review, rules as follows with respect to each moving defendant. All claims against the following defendants are dismissed: Goord, LeClaire, Girdich, Duncan, Wright, Donelli, Lucas, Artuz, Kinney, Clegg,

Botsford, LaClaire, and Bernardi.  Plaintiff does not allege their personal involvement or any ground for supervisory liability on their part for excessive force, due process violations, or retaliation.  To the extent plaintiff alleges these defendants were involved in the denial of medical care, this Court adopts Magistrate Judge Homer' recommendation to dismiss all such claims.

Further, inasmuch as all Eighth Amendment claims for inadequate medical care are dismissed, the action is dismissed against the following nurses: Dabiew, Guzman, Miller, Waterfont, Bufferman, and Tousignant.  With respect to nurses Lopez and Myers at Downstate, the complaint says Myers watched while Lopez illegally drew blood.  The blood draw was not illegal; thus, this states no claim against either of them.  Plaintiff further claims that while the officers were "holding and bending" his wrist for an unnamed nurse during the blood draw incident, the nurse "request[ed] these officers to inflict further pain."  Even accepting the truth of this improbable allegation, there is no basis to find that this nurse had authority to direct the officers, nor is there a claim that this nurse used excessive force.  The claims against Lopez and Myers are dismissed.

Reading the complaint and submissions most liberally, the Court finds plaintiff sufficiently alleges some degree of personal involvement in the use of excessive force during the cell extraction by the following Upstate defendants: Martin, Bezio, McCasland, Champagne, Kourofsky, and Barney.[3]  On this record, it cannot be said as a matter of law that these defendants are entitled to dismissal of these claims on the ground of qualified immunity; if plaintiff's version

---

[3] The Court is aware that Magistrate Judge Homer recommends summary judgment dismissing the cell-extraction excessive force claims against Martin, Bezio, and Kourofsky on the ground that plaintiff alleges only that they were in the chain of command.  It does not clearly appear from plaintiff's complaint, however, that he asserts only this limited ground for liability on the part of these defendants.  Rather, he appears to allege that they were present during the extraction and participated to some degree.  These defendants have not established entitlement to dismissal of these claims.

of events is accepted as true, they could not reasonably have believed their conduct was consistent with his Eighth Amendment rights. *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Thus, the Court denies summary judgment dismissing the cell-extraction excessive force claims against these defendants.

There is no record support for plaintiff's Eighth Amendment claims against Trombley and LaDuke, and summary judgment is granted dismissing these claims. Nor is there merit to plaintiff's claims that LaDuke and Kourofsky filed retaliatory false misbehavior reports against him; in fact, based on plaintiff's own admissions, the misbehavior reports were true and justified, and there is no basis to find a retaliatory motive. All claims against Trombley and LaDuke are dismissed, and any retaliation claims against Kourofsky are dismissed.

Plaintiff also asserts a Fourteenth Amendment due process claim against hearing officer Kienert. The Court adopts Magistrate Judge Homer's treatment of the due process issue. Whether Kienert is entitled to qualified immunity cannot be determined on this record. Summary judgment dismissing this claim is denied.

To the extent plaintiff sets forth an Eighth Amendment claim against Kienert based on Kienert's authorization of the use of force to extract plaintiff from his cell at Upstate, the authorization was proper, inasmuch as plaintiff admits he repeatedly refused to comply with orders to come out of his cell for the medical trip. There is no allegation that Kienert was involved in the cell extraction in any other manner; thus, there is no Eighth Amendment claim against Kienert.

The case will proceed to trial on the remaining claims against the remaining defendants.[4]

---

[4] The complaint also contains some allegations about missing legal mail and papers. It does not appear whether plaintiff intends to state some separate cause of action in this regard. The allegations are not sufficiently particular to make out a claim, nor does plaintiff complain of specific conduct on the part of named defendants. To the extent the

**CONCLUSION**

To summarize, the Court adopts Magistrate Judge Homer's recitation of the facts and discussion of the law in his Report and Recommendation. The Court adopts in full so much of the Report and Recommendation as recommends granting defendants' motion for summary judgment dismissing all Fourth Amendment claims and all Eighth Amendment claims based on inadequate medical care. The Court further adopts so much of the Report and Recommendation as recommends denying summary judgment dismissing the Fourteenth Amendment due process claim. To the extent the complaint asserts retaliation claims, such claims are dismissed. The Court further adopts in full so much of Magistrate Judge Homer's Report and Recommendation as recommends denial of plaintiff's motion for summary judgment.

The case will proceed to trial on the remaining claims (the cell-extraction excessive force claim and the due process claim) against defendants Kienert (the due process claim only; the excessive force claim is dismissed), Martin (the excessive force claim), Bezio (the excessive force claim), McCasland (the excessive force claim), Champagne (the excessive force claim), Kourofsky (the excessive force claim only; any retaliation claim is dismissed), and Barney (the excessive force claim).

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge David R. Homer (Dkt. No. 160) is adopted in part and rejected in part as set forth herein; and it is further

ORDERED that defendants' motion (Dkt. No. 152) for summary judgment is granted in

---

complaint may be read as stating a claim in this respect, any such claim is dismissed without prejudice.

part and denied in part as set forth herein; and it is further

ORDERED that all claims are dismissed against the following defendants: Goord, LeClaire, Girdich, Duncan, Wright, LaDuke, Trombley, Dabiew, Donelli, Jones, Hulse, Biro, Flaherty, Eurich, Lucas, Artuz, Lopez, Kinney, Myers, Clegg, Botsford, Guzman, LaClaire, Miller, Waterfont, Bufferman, Bernardi, and Tousignant; and it is further

ORDERED that the case will proceed to trial against Kienert, Martin, Bezio, McCasland, Champagne, Kourofsky, and Barney, as set forth herein; and it is further

ORDERED that Clerk of the Court is directed to appoint trial counsel; and it is further

ORDERED that this case is Deemed Trial Ready as of August 29, 2008, and a trial date will be set by Chief Judge Norman A. Mordue upon the appointment of trial counsel; and it is further

ORDERED that plaintiff's motion (Dkt. No. 157) for summary judgment is denied in its entirety.

IT IS SO ORDERED.

Date:   July 10, 2008
        Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge